# Exhibit A

ELECTRONICALLY FILED
6/20/2017 10:51 AM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| HOWARD STEPHEN MASK, | * |
| | * |
|     Plaintiffs, | * |
| | * |
| vs. | * |
| | * |
| | * |
| | *     **CASE NO:** <u>2017-</u>             |
| BURGER KING OF ALABAMA, INC., | * |
| and Fictitious Defendants 1-20, | * |
| being the persons, firms, | * |
| corporations or other legal entities | * |
| who negligently and/or wantonly | * |
| packaged, prepared, and/or served | * |
| contaminated food to Plaintiff, all | * |
| of whose names are unknown to | * |
| Plaintiff at this time but will be | * |
| substituted by amendment when | * |
| ascertained, | * |
| | * |
|     Defendants. | * |

## COMPLAINT

1.    Plaintiff, HOWARD STEPHEN MASK (hereinafter "MASK"), is an adult resident citizen of Mobile County, Alabama.

2.    Defendant, BURGER KING OF ALABAMA, INC. (hereinafter "Burger King") upon information and belief, is and was at all material times a domestic corporation with its principal place of business in Mobile County, Alabama. At all material times, Defendant BURGER KING OF ALABAMA, INC. was operating, managing, and/or doing business in Mobile County, Alabama.

3.    Defendants 1-20 are fictitious parties who may be persons, firms, corporations or other legal entities who were responsible for packaging, preparing, and/or serving the food consumed by MASK on its premises on or about August 6, 2016 and who were responsible for breach of the implied

warranty of merchantability associated therewith, whose true identities are unknown to MASK at this time, and who may be substituted by MASK when their identities are accurately ascertained.

## FACTS

1.    On or about August 6, 2016, Plaintiff, while a customer of Defendants purchased a soda and two cheeseburgers.

2.    After consuming the meal purchased from Defendants, Plaintiff became physically ill.

3.    As a result of consuming the contaminated food, Plaintiff has suffered and continues to suffer physical pain and emotional and mental anguish.

4.    Due to his condition, Plaintiff was required to seek medical treatment and incurred medical charges and suffered lost wages.

## COUNT ONE – NEGLIGENCE/WANTONNESS

5.    Plaintiff hereby adopts by reference and realleges all previous paragraphs of this Complaint as if set forth fully herein.

6.    Defendants negligently and/or wantonly manufactured, packaged, prepared, sold or distributed, and served cheeseburgers in a defective or unreasonably dangerous condition.

7.    Defendants have a duty to produce a product that is safe and not injurious to its customers.

8. Defendants have a duty not to place defective products into the stream of commerce.

9. Defendants placed into the stream of commerce defective and unreasonably dangerous cheeseburgers, which Plaintiff consumed.

10. The Defendants negligently and/or wantonly failed to exercise reasonable care in making, storing, and/or distributing the contaminated cheeseburgers.

11. The cheeseburgers were made, stored, served, and distributed by Defendants in a defective condition, and Defendants failed to warn of these defects.

12. As a direct and proximate result of Defendants' aforementioned negligence and/or wantonness, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

## COUNT II - (AEMLD)

13. Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

3

14.    Defendants are liable under the Alabama Extended Manufacturer's Liability Doctrine with respect to the cheeseburgers for the following reasons:

A. The Defendants sold the product in a defective condition and the product was unreasonably dangerous to its intended users for human consumption;

B. The Defendants were ordinarily engaged in the business of selling such products;

C. The product was defective at the time it left possession and control of the Defendants;

D. The product was expected to and did reach its ultimate users without substantial change in the condition in which it was sold; and

E. The Plaintiff was injured and suffers damages as a direct and proximate result of the defective condition of the product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

## COUNT III-  (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

15.    Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

16.    Defendants were merchants with respect to food and beverage products, including the cheeseburgers purchased by Plaintiff.

17.    The contaminated cheeseburgers sold to the Plaintiff by Defendants were for human consumption.

18.    Defendants impliedly warranted that the cheeseburgers were of good and merchantable quality and fit for human consumption.

19.    The contaminated cheeseburgers were unwholesome, deleterious to health, and unfit for human consumption, and therefore breached the warranty of merchantability.

20.    As a direct and proximate result of consuming the aforementioned contaminated cheeseburgers, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

Respectfully submitted,

/s/ *Gary W. Fillingim*
GARY W. FILLINGIM (FIL002)
Attorney for Plaintiffs

**OF COUNSEL:**

5

LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
2108 Government Street
Mobile, Alabama  36606
Telephone:  (251) 445-7257
Facsimile:  (251) 471-3409
gwf@fillingimlaw.com


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

**Burger King of Alabama, Inc.**
**c/o Ball Ball Matthews & Novak PA**
**445 Dexter Ave #9045**
**Montgomery, AL 36104**

ELECTRONICALLY FILED
8/30/2017 10:51 AM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**HOWARD STEPHEN MASK,**      *

     *

       **Plaintiffs,**      *

     *

**vs.**      *

     *

     *

     *    **CASE NO: 2017-_____**

**BURGER KING OF ALABAMA, INC.,**      *

**and Fictitious Defendants 1-20,**      *

**being the persons, firms,**      *

**corporations or other legal entities**      *

**who negligently and/or wantonly**      *

**packaged, prepared, and/or served**      *

**contaminated food to Plaintiff, all of**      *

**whose names are unknown to**      *

**Plaintiff at this time but will be**      *

**substituted by amendment when**      *

**ascertained,**      *

     *

       **Defendants.**      *

---

## NOTICE OF 30(b)(5)&(6) VIDEO DEPOSITION OF
## BURGER KING OF ALABAMA, INC.

---

TO:                 Counsel for Defendants

COURT REPORTER:    Henderson & Associates

DEPONENT:        30(b)(6) Representative of Burger King of Alabama, Inc.

DATE:             TBD

TIME:             TBD

LOCATION:        LAW OFFICES OF GARY W. FILLINGIM, LLC

                       2108 Government Street

                       Mobile, AL 36606

PLEASE TAKE NOTICE that Gary W. Fillingim, attorney for the Plaintiff, will take the deposition of the deponent named above, at the time, date and location indicated above, upon oral examination pursuant to the Alabama Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses in said County and State.

## RULE 30(b)(6) DEPOSITION TOPICS

1. Information regarding the identity of every who was working at Burger King Store #4016 on the date of the subject incident.

2. Information regarding any investigation of Plaintiff's injuries and/or incident.

3. Information regarding the complete identity of each and every individual who has or may have knowledge or information about any facts, events or circumstances relating in any way to the incident, the allegations in the Complaint, Plaintiff's injuries and any defense asserted by you.

4. Information regarding the identify each person who may have, or claims to have, seen or heard any of the parties or their agents, servants or employees or anyone acting on their behalf make any statements pertaining to the accident referred to in the Complaint, including anyone who claims to have seen or heard or had any communication or contact with Plaintiff or any member of his family.

5. Information regarding the procedures, guidelines, instructions, rules, protocol, policies, practices and/or manner relevant to the manufacturing, storage, packaging, preparation, and serving of food to consumers.

6. Information regarding the procedures, guidelines, instructions, rules, protocol, policies, practices and "do's and don't's" relevant to prevention of contamination. Produce all documents and records relating to same.

7. Information regarding the identity who was responsible for cleaning, maintaining and/or inspecting the kitchen to identify and/or prevent contamination on the date of Plaintiff's accident.

8. Information regarding all signs or warnings of any kind which were in place and being used to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.

9. Information regarding all signs or warnings which should have been in place to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.

10. Information regarding each and every individual or entity who you contend caused or contributed in any way to the accident which is made the basis of this lawsuit.

11. If you contend that any act or omission of any individual or entity other than you in any way caused or contributed to Plaintiff's accident, identify the name and address of each such individual or entity, and identify in detail each act or omission on the part of each such other individual or entity which you contend caused or contributed, or may have caused or may have contributed, to the accident made the basis of this lawsuit. Produce all documents and records relating to your answer.

12.     Information regarding whether any other customers have been sickened as a result of consuming food from restaurant #4016 within the last three (3) years. Produce all documents and records relating to your answer.

13.     Information regarding any policy or policies of liability insurance or any type of insurance or similar agreement, including any excess or umbrella policy or policies, which provide or furnish coverage for the allegations made in this lawsuit.

14.     Information regarding your document and record retention policy.

## RULE 30(b)(5) DUCES TECUM REQUEST

Pursuant to Rules 30(b)(5) of the Alabama Rules of Civil Procedure, the Deponent, Allstate Insurance, is requested to produce for inspection and copying the documents set forth below:

Any and all documents that in any way evidence, relate and/or pertain to:

1.     The accident referred to in the Complaint.

2.     All records and files, including hard copies of all computer stored information, which reflect, refer or relate to Plaintiff, the accident, any investigation of the incident, any of the allegations in the Complaint and Plaintiff's injuries.

3.     Communications or correspondence by and between you and any of your present or former employees, on the one hand, and any other third party, person or entity, on the other hand, which reflect, refer or relate to any of the following:
   a.     Any of the matters alleged in the Complaint;
   b.     Any discussions or communications with Plaintiff or his family members or anyone you contend was acting on behalf of Plaintiff;
   c.     The accident;
   d.     Plaintiff's injuries;
   e.     The condition of the floor at the time and place of Plaintiff's accident; and
   f.     Any safety rules, recommendations, policies, procedures and/or guidelines relevant to food safety at your restaurant.

4.     Any expert identified (in response to interrogatories) relied upon for any opinion, report, or testimony to be given, including but not limited to all expert reports.

5.     The guidelines, rules, instructions, policies, procedures, regulations, protocols, "do's and don't's" or the like relating to food safety at your restaurant.

6.     All photographs and videos, including any and all videos, which reflect, refer and/or relate to the Plaintiff, including the preparation of Plaintiff's food, beginning four hours prior to the incident and concluding one hour after the incident.

7.     All complaint logs, incident reports, internal employee input or suggestion memos regarding and/or relating in any way to food safety, including but not limited to contamination and cross-contamination.

8.     Copies of any and all inspection reports from government agencies from the last three (3) years.

9.     Documentation from any inspections by third-parties, consultants, or commercial customers during the last three (3) years.

10.    All employee handbooks, training materials, including videos, rules, regulations, instructions, guidelines or the like used to train employees regarding food safety.

11.    All documents upon which you studied, examined, searched, relied on, or referred to in formulating your responses to the interrogatories propounded in this case.

12.    All documents and records upon which you or your attorneys intend to rely upon in any way, directly or indirectly, in support of any of your defenses, affirmative or otherwise, to any of Plaintiff's claims.

13.    Complete copies of all insurance policies or similar contracts or agreements which do or may provide any coverage for any of the allegations in the Complaint.

14.    Any and all written or recorded statements of any kind taken by you or any of your representatives or insurance carrier, or anyone else, relating to Plaintiff, any allegations in the Complaint, or the matters which are the subject of this action.

15.    All documents, records and/or videos or pictures concerning or which refer to or reflect any surveillance or observation of Plaintiff.

16.    All documents regarding any previous food poisoning litigation within the last ten (10) years.

The examination will continue from day to day until completed and you are invited to attend if you so desire.

Respectfully Submitted,

 /s/Gary W.  Fillingim
GARY W. FILLINGIM (FIL020)
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICE OF GARY W. FILLINGIM, LLC
2108 Government Street
Mobile, AL 36606
(251) 445-7257
(251) 471-3409 (fax)
gwf@fillingimlaw.com

**PLEASE SERVE WITH THE COMPLAINT**

ELECTRONICALLY FILED
6/20/2017 10:51 AM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**HOWARD STEPHEN MASK,**  *

　　　　　　　　　　　　　　*

　　　**Plaintiffs,**  *

　　　　　　　　　　　　　　*

**vs.**  *

　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　*

　　　　　　　　　　　　　　*　　**CASE NO: 2017-** _____

**BURGER KING OF ALABAMA, INC.,**  *

**and Fictitious Defendants 1-20,**  *

**being the persons, firms,**  *

**corporations or other legal entities**  *

**who negligently and/or wantonly**  *

**packaged, prepared, and/or served**  *

**contaminated food to Plaintiff, all**  *

**of whose names are unknown to**  *

**Plaintiff at this time but will be**  *

**substituted by amendment when**  *

**ascertained,**  *

　　　　　　　　　　　　　　*

　　　**Defendants.**  *

## INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, by and through undersigned counsel, and pursuant to the *Alabama Rules of Civil Procedure*, propound the following interrogatories and requests for production of documents upon the Defendants.

### I. GENERAL INSTRUCTIONS

　　　1.　　Each document produced in response to these interrogatories and request should be referenced with the number(s) of the relevant request and subsection, if any.  Should any of the documents pursuant to this request for document production have already been made available for Plaintiffs' inspection, it will be sufficient to note this fact and to provide the following information:

　　　　　a.　　Document production number, if any;

　　　　　b.　　Date, author, addressee (if any), persons receiving distribution of such documents or copies thereof;

　　　　　c.　　A description of the nature of the documents; and

　　　　　d.　　The particular request and item number in response to which the document has previously been produced.

　　　Interrogatories and requests for documents are continuing in nature and require supplemental answers should Defendant generate or obtain further pertinent information or documents between the time answers are filed and documents produced at the time of trial.

　　　The documents requested seek all documents available to you or in your possession, custody or control from any source wherever situated, including but not limited to information from any files, records, documents, employees, former employees, counsel, and former counsel off any party to this litigation, plaintiff or defendant, and including, but not limited to documents in the possession, custody or control of defendant and documents in the possession, custody or control of any predecessor or successor of defendant.

### II. DEFINITIONS

1.      "Documents" or "records" mean all original written, recorded or graphic matters whatsoever and non-identical copies thereof, including but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex, message, memorandum, notes, notations, work papers, transcripts, minutes, reports and recordings for telephone or other conversations, or interviews of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, agendas, jottings, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, list of tabulations, sound records, computer print-outs, data processing programs, libraries, data processing input and output, microfilm, books of account, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things to the foregoing however denominated by the parties and all documents as defined by the Alabama Rules of Civil Procedure.  In cases where originals are not identical documents and are not available, document also means identical copies of the original documents and non-identical copies thereof.  In all cases where documents are in language other than English, documents include all translations and materials related to particular translations.

2.      "You" or "defendant" refers to the above-named Defendant to whom these interrogatories and document requests were directed and includes all of its attorneys, agents, directors, employees and representatives.

3.      "Person" means any individual, partnership, association, corporation, joint venture or other legal or business entity.

4.      "Communications" means writings, telephone conversations, oral conversations other than telephone conversations and meetings.

5.      "Oral communication" means communication that includes any meeting, conference, telephone conversation, telephone conference or in person conversation.

6.      "Regarding," "relating to" or "relate" means consisting of, referring to, reflecting, or being in any way legally, logically or factually connected with the request.  "Relating to" or "regarding" a subject or item should be understood to include possible or contemplated actions as to such subject or item.

7.      "Financial transaction" means any business, commercial, or related transactions, dealings, exchanges or interactions, including, but not limited to, loan applications, loans, lines of credit, guaranties of the indebtedness of another.

8.      "Address" shall mean the street number, street, city and state of subject person, business or other entity.

9.      "Identity" or "identification", when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

### III. DOCUMENTS NO LONGER IN DEFENDANT'S POSSESSION, CUSTODY OR CONTROL

If any document otherwise responsive to your request was, but is no longer in Defendant's possession or subject to Defendant's control, or in existence, state whether:

        (a)      it is missing or lost;
        (b)      has been destroyed;
        (c)      has been transferred voluntarily to others; or
        (d)      has been otherwise disposed of.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing its destruction or transfer, and the date(s) of such direction or authorization.  Identify each document by listing its author and addressee (e.g., letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, whether document (or copies) are still in existence, and if so, their present location(s) and custodian(s).

### IV. PRIVILEGE

All documents as to which any privilege is claimed shall be produced, marked, identified, held separately and retained intact, subject to ruling by the court as to the claimed privilege.  For any document

which you claim to be privileged state: (1) the reason for withholding it; (2) the author of the documents; (3) each individual or other person to whom the document has been sent; (4) the date of the document; and (5) the general subject matter of the document.

## INTERROGATORIES

1.   Do you intend to call an expert witness at the trial of this case? If so, for each state:

   a. The name and address of each such expert witness.

   b. The complete educational, vocational, business or employment background of each such expert witness.

   c. The subject matter on which each such expert witness is expected to testify.

   d. The substance of the facts and opinions to which such expert witness is expected to testify.

   e. The summary of the grounds for each opinion.

   f. List the names of cases, including numerical designations thereof, the place or court in which each case was filed, the attorneys, including addresses therefor, for whom said expert witness has served in the capacity as an expert.

   g. Produce all texts, periodicals, treatises, letters, documents, journals, notes, memos, brochures, flyers or any other documents or records which such expert relies upon in any way, directly or indirectly, or uses in any way, directly or indirectly, in forming the basis for any opinions he/she will give.

   **Response:**

2.   Identify every individual who was working at Burger King Store #4016 on the date of the subject incident.

   **Response:**

3.   State specifically and describe in detail any investigation of Plaintiff's injuries and/or incident, and with regard to the same produce a copy of all statements and photographs taken in connection therewith. In addition, produce all incident reports or other documents and records relating to the investigation of the accident and Plaintiff's injuries.

   **Response:**

4.   Identify each and every individual who has or may have knowledge or information about any facts, events or circumstances relating in any way to the incident, the allegations in the Complaint, Plaintiff's injuries and any defense asserted by you. As to each individual, identify his or her full name, current or last known residence address, current or last known place of employment and

job title or position at said place of employment, current and last known telephone number and the knowledge or information which said individuals have or which you or your attorneys believe they may have.

    **Response:**

5.    Identify each person who may have, or claims to have, seen or heard any of the parties or their agents, servants or employees or anyone acting on their behalf make any statements pertaining to the accident referred to in the Complaint. Include in your answer anyone who claims to have seen or heard or had any communication or contact with Plaintiff or any member of his family.

    **Response:**

6.    Identify all current or former employees, managers, officers or directors of your organization most knowledgeable about the procedure, guidelines, instructions, rules, protocol, policies, practices and/or manner relevant to the manufacturing, storage, packaging, preparation, and serving of food to consumers.

    **Response:**

7.    Set forth the procedures, guidelines, instructions, rules, protocol, policies, practices and "do's and don't's" relevant to prevention of contamination. Produce all documents and records relating to same.

    **Response:**

8.    Identify who was responsible for cleaning, maintaining and/or inspecting the kitchen to identify and/or prevent contamination on the date of Plaintiff's accident.

    **Response:**

9.    State specifically and describe in detail all signs or warnings of any kind which were in place and being used to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.

    **Response:**

10.    If your answer to the preceding interrogatory is that no warnings of any kind were in place, set forth in detail all signs or warnings which should have been in place to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.

    **Response:**

11.    Identify each and every individual or entity who you contend caused or contributed in any way to the accident which is made the basis of this lawsuit,

and as to each such individual or entity, state in detail each and every fact upon which you base your contention. Produce all documents and records relating to your answer.

**Response:**

12.    If you contend that any act or omission of any individual or entity other than you in any way caused or contributed to Plaintiff's accident, identify the name and address of each such individual or entity, and identify in detail each act or omission on the part of each such other individual or entity which you contend caused or contributed, or may have caused or may have contributed, to the accident made the basis of this lawsuit. Produce all documents and records relating to your answer.

**Response:**

13.    If you contend that Plaintiff was in any manner contributorily negligent, or in any manner caused or contributed in any way to the accident or her injuries, state in detail each and every fact which supports said contention and produce all documents and records on which you rely in support of said contention.

**Response:**

14.    State whether any other customers have been sickened as a result of consuming food from restaurant #4016 within the last three (3) years. Produce all documents and records relating to your answer.

**Response:**

15.    Are you covered by any policy or policies of liability insurance or any type of insurance or similar agreement, including any excess or umbrella policy or policies, which provide or furnish coverage for the allegations made in this lawsuit? Produce a copy of the entirety of the policy or policies of insurance, including the dollar amount of coverage.

**Response:**

16.    Are you correctly named in the Complaint? If not, state your full, correct legal name.

**Response:**

17.    State the name, address and job title of all persons answering or assisting in answering this discovery request and any subparts thereof.

**Response:**

18.    Describe in detail your document and record retention policy.

**Response:**

## REQUESTS FOR PRODUCTION

1.    Produce all documents and records that reflect, refer or relate to the accident referred to in the Complaint.
**Response:**

2.    Produce all documents, records and files, including hard copies of all computer stored information, which reflect, refer or relate to Plaintiff, the accident, any investigation of the incident, any of the allegations in the Complaint and Plaintiff's injuries.
**Response:**

3.    Produce all documents and records which reflect, refer or relate to communications or correspondence by and between you and any of your present or former employees, on the one hand, and any other third party, person or entity, on the other hand, which reflect, refer or relate to any of the following:
   a.    Any of the matters alleged in the Complaint;
   b.    Any discussions or communications with Plaintiff or his family members or anyone you contend was acting on behalf of Plaintiff;
   c.    The accident;
   d.    Plaintiff's injuries;
   e.    The condition of the floor at the time and place of Plaintiff's accident; and
   f.    Any safety rules, recommendations, policies, procedures and/or guidelines relevant to food safety at your restaurant.
**Response:**

4.    Produce all documents and records which any expert identified (in response to interrogatories) relied upon for any opinion, report, or testimony to be given, including but not limited to all expert reports.
**Response:**

5.    Produce all documents which reflect, refer or relate to the guidelines, rules, instructions, policies, procedures, regulations, protocols, "do's and don't's" or the like relating to food safety at your restaurant.
**Response:**

6.    Produce all photographs and videos, including any and all videos, which reflect, refer and/or relate to the Plaintiff, including the preparation of Plaintiff's food, beginning four hours prior to the incident and concluding one hour after the incident.
**Response:**

7.     Produce all complaint logs, incident reports, internal employee input or suggestion memos regarding and/or relating in any way to food safety, including but not limited to contamination and cross-contamination.
**Response:**

8.     Produce copies of any and all inspection reports from government agencies from the last three (3) years.
**Response:**

9.     Produce documentation from any inspections by third-parties, consultants, or commercial customers during the last three (3) years.
**Response:**

10.    Produce all employee handbooks, training materials, including videos, rules, regulations, instructions, guidelines or the like used to train employees regarding food safety.
**Response:**

11.    Produce all documents upon which you studied, examined, searched, relied on, or referred to in formulating your responses to the interrogatories propounded in this case.
**Response:**

12.    Produce all documents and records upon which you or your attorneys intend to rely upon in any way, directly or indirectly, in support of any of your defenses, affirmative or otherwise, to any of Plaintiff's claims.
**Response:**

13.    Produce complete copies of all insurance policies or similar contracts or agreements which do or may provide any coverage for any of the allegations in the Complaint.
**Response:**

14.    Produce any and all written or recorded statements of any kind taken by you or any of your representatives or insurance carrier, or anyone else, relating to Plaintiff, any allegations in the Complaint, or the matters which are the subject of this action.
**Response:**

15.    Produce all documents, records and/or videos or pictures concerning or which refer to or reflect any surveillance or observation of Plaintiff.
**Response:**

16.    Produce all documents regarding any previous food poisoning litigation within the last ten (10) years.
**Response:**

17.    Produce a copy of any and all documents received pursuant to the issuance of non-party subpoenas in this matter.


Respectfully submitted,


/s/ *Gary W. Fillingim*
GARY W. FILLINGIM (FIL002)
Attorney for Plaintiffs

**OF COUNSEL:**

LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
2108 Government Street
Mobile, Alabama 36606
Telephone:  (251) 445-7257
Facsimile:  (251) 471-3409
gwf@fillingimlaw.com



**PLEASE SERVE WITH THE COMPLAINT**

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*Howard Stephen Mask*

Plaintiff(s)

vs.

CIVIL ACTION NO. CV-17-901608

DATE COMPLAINT FILED 6-20-17

*Burger King of Alabama Inc.*

Defendant(s)

ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.      EXPERTS

a.      Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.      Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.      Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.      Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.      JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.      JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.      DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.      MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.     CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____ June, 2017.


_____
Presiding Judge, John R. Lockett

**DER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3.

- Print your name and address on the reverse, so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BURGER KING OF ALABAMA, INC.
C/O BALL BALL
445 DEXTER AVE #9045
MONTGOMERY, AL 36104

9590 9402 2315 6225 4107 00

2. Article Number (*Transfer from service label*)

7016 0600 0000 2624 1436

**COMPLETE THIS SECTION ON DELIVE**

A. Signature

X [signature]

B. Received by (*Printed Name*) David Peterson

C. Date 6-2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV-17-901608
CS 401 Delivery
2001

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

First-Class Mail
Postage & Fees Pa
USPS
Permit No. G-10

A.L.A. MOBILE C
CERTIFY THIS
WAS FILED O

26  AM 11: 05

CIRCUIT COUR

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C
205 Government Stree
Mobile, Alabama 36644-2933

• Sender: Please print your name, address and ZIP+4® in this box•

USPS TRACKING #

United States
Postal Service

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:   Joseph Foltz, Partner
      Womble, Carlyle, Sandridge & Rice, LLP
      271 17th St NW Ste 2400               SOP Transmittal #   531717439
      Atlanta, GA 30363-6215

                                            800-592-9023 - Telephone

Entity Served:   GPS HOSPITALITY PARTNERS IV, LLC  (Domestic State: DELAWARE) (Served as BURGER KING OF
                 ALABAMA, INC., et al., Dfts. // To: GPS HOSPITALITY PARTNERS, IV, LLC Name discrepancy noted.)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate
in the State of ALABAMA on this 07 day of August, 2017. The following is a summary of the document(s) received:

1.   **Title of Action:**  HOWARD STEPHEN MASK, Pltf. vs. BURGER KING OF ALABAMA, INC., et al., Dfts. // To: GPS
     HOSPITALITY PARTNERS, IV, LLC

2.   **Document(s) Served:**   Other: Notice/Summons/First amended Complaint/Attachment(s)

3.   **Court of Jurisdiction/Case Number:** Mobile County Circuit Court, AL
     Case # 02CV201790160800

4.   **Amount Claimed, if any:**  N/A

5.   **Method of Service:**

     ___ Personally served by: ___   ___ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U. S Marshall

     _X_ Delivered Via:   _X_ Certified Mail   ___ Regular Mail   ___ Facsimile

     ___ Other (Explain):

6.   **Date of Receipt:**  08/07/2017

7.   **Appearance/Answer Date:**  Within 30 days after this summons and complaint

8.   **Received From:**   Gary W. Fillingim          9.  **Carrier Airbill #** 1ZY041160198090331
                          LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
                          2108 Government St.
                          MOBILE, AL 36606          10. **Call Made to:** Not required
                          (251) 445-4257

11.   **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Email Notification,  Joseph Foltz  JFoltz@wcsr.com

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by   Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not
be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



CERTIFIED MAIL



**JOJO SCHWARZAUR, CIRCUIT CLERK**
**MOBILE COUNTY - CIVIL DIVISION**
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

Hasler

FIRST-CLASS MAIL

08/03/2017

USPOSTAGE $006.98⁰

ZIP 36644
011E12650227

7017 1070 0000 9358 9203



36104$3621 C006



**AlaFile E-Notice**

02-CV-2017-901608.00

To: GPS HOSPITALITY PARTNERS, IV, LLC C/O NATIONAL
REGISTERED AGENTS, INC.
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

HOWARD STEPHEN MASK V. BURGER KING OF ALABAMA, INC.
02-CV-2017-901608.00

The following complaint was FILED on 8/3/2017 7:37:18 AM

Notice Date:      8/3/2017 7:37:18 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **COPY** SUMMONS /S/<br>- CIVIL *Amended* | **Court Case Number**<br>02-CV-2017-901608.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### HOWARD STEPHEN MASK V. BURGER KING OF ALABAMA, INC.

**NOTICE TO:** GPS HOSPITALITY PARTNERS, IV, LLC C/O NATIONAL, REGISTERED AGENTS, INC. 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT AND OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Gary W. Fillingim ESQ.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2108 Government St., MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MASK HOWARD STEPHEN pursuant to the Alabama Rules of the Civil Procedure.

| 8/3/2017 7:37:18 AM | /s/ JOJO SCHWARZAUER | By: | [Name(s)] |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

| ☑ Certified Mail is hereby requested. | /s/ Gary W. Fillingim ESQ. | JoJo Schwarzauer, Circuit Clerk |
|---|---|---|
| | *(Plaintiff's/Attorney's Signature)* | MOBILE COUNTY CIVIL DIVISION<br>Mobile Government Plaza, Room C838<br>205 Government Street<br>Mobile, Alabama 36644-2936 |

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____
*(Date)*

_____          *(Address of Server)*
*(Type of Process Server)*     *(Server's Signature)*

_____          _____
*(Server's Printed Name)*       *(Phone Number of Server)*

ELECTRONICALLY FILED
7:36 AM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

HOWARD STEPHEN MASK,

      Plaintiff,

vs.

**CASE NO: <u>CV-2017-901608</u>**

BURGER KING OF ALABAMA, INC.,
and Fictitious Defendants 1-20,
being the persons, firms,
corporations or other legal entities
who negligently and/or wantonly
packaged, prepared, and/or served
contaminated food to Plaintiff, all
of whose names are unknown to
Plaintiff at this time but will be
substituted by amendment when
ascertained,

      Defendants.

## <u>FIRST AMENDED COMPLAINT</u>

COMES NOW, the Plaintiff, HOWARD STEPHEN MASK, by and through

his undersigned counsel and files this First Amended Complaint to correctly

identify Burger King of Alabama as GPS Hospitality, IV, LLC a/k/a GPS

Hospitality, LLC, doing business as Burger King #4016. The amended Complaint

shall read as follows:

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

HOWARD STEPHEN MASK,                          *
                                              *
         Plaintiff,                           *
                                              *
vs.                                           *
                                              *
                                              *
                                              *   CASE NO: CV-2017-901608
GPS Hospitality Partners, IV, LLC             *
a/k/a  GPS  Hospitality,  LLC,                *
doing  business  as  Burger  King             *
#4016, and Fictitious Defendants              *
1-20,  being  the  persons,  firms,           *
corporations or other legal entities          *
who  negligently  and/or  wantonly            *
packaged, prepared, and/or served             *
contaminated food to Plaintiff, all           *
of  whose  names  are  unknown  to            *
Plaintiff  at  this  time  but  will  be      *
substituted  by  amendment  when              *
ascertained,                                  *

         Defendants.

## FIRST AMENDED COMPLAINT

1.     Plaintiff, HOWARD STEPHEN MASK (hereinafter "MASK"), is an adult resident citizen of Mobile County, Alabama.

2.     Defendant, GPS Hospitality Partners, IV, LLC a/k/a GPS Hospitality, LLC, doing business as Burger King #4016 upon information and belief, is and was at all material times a foreign limited liability company with its principal place of business in Mobile County, Alabama. At all material times, Defendant GPS Hospitality Partners, IV, LLC a/k/a GPS Hospitality, LLC, doing business as Burger King #4016 was operating, managing, and/or doing business in Mobile County, Alabama.

3.     Defendants 1-20 are fictitious parties who may be persons, firms, corporations or other legal entities who were responsible for packaging, preparing, and/or serving the food consumed by MASK on its premises on or about August 6, 2016 and who were responsible for breach of the implied warranty of merchantability associated therewith, whose true identities are unknown to MASK at this time, and who may be substituted by MASK when their identities are accurately ascertained.

## FACTS

1.     On or about August 6, 2016, Plaintiff, while a customer of Defendants purchased a soda and two cheeseburgers.

2.     After consuming the meal purchased from Defendants, Plaintiff became physically ill.

3.     As a result of consuming the contaminated food, Plaintiff has suffered and continues to suffer physical pain and emotional and mental anguish.

4.     Due to his condition, Plaintiff was required to seek medical treatment and incurred medical charges and suffered lost wages.

## COUNT ONE – NEGLIGENCE/WANTONNESS

5.     Plaintiff hereby adopts by reference and realleges all previous paragraphs of this Complaint as if set forth fully herein.

6.     Defendants negligently and/or wantonly manufactured, packaged, prepared, sold or distributed, and served cheeseburgers in a defective or

3

unreasonably dangerous condition.

7.     Defendants have a duty to produce a product that is safe and not injurious to its customers.

8.     Defendants have a duty not to place defective products into the stream of commerce.

9.     Defendants placed into the stream of commerce defective and unreasonably dangerous cheeseburgers, which Plaintiff consumed.

10.    The Defendants negligently and/or wantonly failed to exercise reasonable care in making, storing, and/or distributing the contaminated cheeseburgers.

11.    The cheeseburgers were made, stored, served, and distributed by Defendants in a defective condition, and Defendants failed to warn of these defects.

12.    As a direct and proximate result of Defendants' aforementioned negligence and/or wantonness, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

4

## COUNT II - (AEMLD)

13.    Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

14.    Defendants are liable under the Alabama Extended Manufacturer's Liability Doctrine with respect to the cheeseburgers for the following reasons:

A. The Defendants sold the product in a defective condition and the product was unreasonably dangerous to its intended users for human consumption;

B. The Defendants were ordinarily engaged in the business of selling such products;

C. The product was defective at the time it left possession and control of the Defendants;

D. The product was expected to and did reach its ultimate users without substantial change in the condition in which it was sold; and

E. The Plaintiff was injured and suffers damages as a direct and proximate result of the defective condition of the product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

## COUNT III - (BREACH OF IMPLIED WARRANTY
## OF MERCHANTABILITY)

15.     Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

16.     Defendants were merchants with respect to food and beverage products, including the cheeseburgers purchased by Plaintiff.

17.     The contaminated cheeseburgers sold to the Plaintiff by Defendants were for human consumption.

18.     Defendants impliedly warranted that the cheeseburgers were of good and merchantable quality and fit for human consumption.

19.     The contaminated cheeseburgers were unwholesome, deleterious to health, and unfit for human consumption, and therefore breached the warranty of merchantability.

20.     As a direct and proximate result of consuming the aforementioned contaminated cheeseburgers, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

6

Respectfully submitted,

/s/ *Gary W. Fillingim*
GARY W. FILLINGIM (FIL002)
Attorney for Plaintiffs

**OF COUNSEL:**

LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
2108 Government Street
Mobile, Alabama 36606
Telephone: (251) 445-7257
Facsimile: (251) 471-3409
gwf@fillingimlaw.com

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

**GPS Hospitality Partners, IV, LLC a/k/a GPS Hospitality, LLC,
doing business as Burger King #4016
C/O National Registered Agents, Inc.
2 North Jackson Street, Ste. 605
Montgomery, Alabama 36104**

7

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

Plaintiff(s)

vs.

CIVIL ACTION NO. CV-17-90608

DATE COMPLAINT FILED 8-3-17

Defendant(s)

## ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)  That the issues in the case have been defined and joined;

(3)  That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)  That a jury trial has or has not been demanded;

(5)  The expected length of the trial expressed in hours and/or days;

(6)  A brief description of the plaintiff's claim;

(7)  The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)  That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)  That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)  That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.      EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.      Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.      Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.      Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.      DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.      If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.      Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.      The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.      DAMAGES

a.      All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.      Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.      AGENCY-TIME AND PLACE-DUTY

a.      Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.   EXPERTS

a.     Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.     Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.     Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.     Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _August, 2017._

_Presiding Judge, John R. Lockett_

MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS   LTR**          **1 OF 1**

SHIP TO:
JOSEPH FOLTZ
4048792478
WOMBLE, CARLYLE, SANDRIDGE & RICE,
271 17TH ST NW STE 2400
**ATLANTA  GA 30363**



**GA 303 9-02**



**UPS NEXT DAY AIR**          **1**
TRACKING #: 1Z Y04 116 01 9809 0331



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/531717439/Mara Velasco

XOL 17.08.04      NV45 90.0A 07/2017

# NRAI Packing Slip

**NATIONAL REGISTERED AGENTS, INC.**
An NRAI Solutions Company

| | |
|---|---|
| **UPS Tracking # :** | 1ZY0411601980090331 |
| **Created By :** | Rajat Lohiya |
| **Created On :** | 08/08/2017 03:40 PM |
| **Recipient :** | |

**Joseph Foltz**

| | |
|---|---|
| Title : | Partner |
| Customer : | Womble, Carlyle, Sandridge & Rice, LLP |
| Address : | 271 17th St NW Ste 2400 |
| Email : | JFoltz@wcsr.com |
| Phone : | 404-879-2478    Fax :   - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 531717439 | 02CV201790160800 | GPS HOSPITALITY PARTNERS IV, LLC |

ELECTRONICALLY FILED
8/10/2017 3:44 PM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| HOWARD STEPHEN MASK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | CASE NO: **CV-2017-901608** |
| BURGER KING OF ALABAMA, INC., | * | |
| and Fictitious Defendants 1-20, | * | |
| being the persons, firms, | * | |
| corporations or other legal entities | * | |
| who negligently and/or wantonly | * | |
| packaged, prepared, and/or served | * | |
| contaminated food to Plaintiff, all | * | |
| of whose names are unknown to | * | |
| Plaintiff at this time but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |
| | * | |
| Defendants. | * | |

### SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, HOWARD STEPHEN MASK, by and through his undersigned counsel and files this Second Amended Complaint to correctly identify Burger King of Alabama as Strategic Restaurants Acquisition Co., LLC, doing business as Burger King #4016. The amended Complaint shall read as follows:

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| HOWARD STEPHEN MASK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | CASE NO: <u>CV-2017-901608</u> |
| Strategic Restaurants Acquisition | * | |
| Co., LLC, doing business as | * | |
| Burger King #4016, and Fictitious | * | |
| Defendants 1-20, being the | * | |
| persons, firms, corporations or | * | |
| other legal entities who negligently | * | |
| and/or wantonly packaged, | * | |
| prepared, and/or served | * | |
| contaminated food to Plaintiff, all | * | |
| of whose names are unknown to | * | |
| Plaintiff at this time but will be | * | |
| substituted by amendment when | * | |
| ascertained, | * | |

Defendants.

<u>SECOND AMENDED COMPLAINT</u>

1.      Plaintiff, HOWARD STEPHEN MASK (hereinafter "MASK"), is an adult resident citizen of Mobile County, Alabama.

2.      Defendant, Strategic Restaurants Acquisition Co., LLC, doing business as Burger King #4016 upon information and belief, is and was at all material times a foreign limited liability company with its principal place of business in Mobile County, Alabama. At all material times, Defendant Strategic Restaurants Acquisition Co., LLC, doing business as Burger King #4016 was operating, managing, and/or doing business in Mobile County, Alabama.

3.      Defendants 1-20 are fictitious parties who may be persons, firms,

corporations or other legal entities who were responsible for packaging, preparing, and/or serving the food consumed by MASK on its premises on or about August 6, 2016 and who were responsible for breach of the implied warranty of merchantability associated therewith, whose true identities are unknown to MASK at this time, and who may be substituted by MASK when their identities are accurately ascertained.

## FACTS

1.    On or about August 6, 2016, Plaintiff, while a customer of Defendants purchased a soda and two cheeseburgers.

2.    After consuming the meal purchased from Defendants, Plaintiff became physically ill.

3.    As a result of consuming the contaminated food, Plaintiff has suffered and continues to suffer physical pain and emotional and mental anguish.

4.    Due to his condition, Plaintiff was required to seek medical treatment and incurred medical charges and suffered lost wages.

## COUNT ONE – NEGLIGENCE/WANTONNESS

5.    Plaintiff hereby adopts by reference and realleges all previous paragraphs of this Complaint as if set forth fully herein.

6.    Defendants negligently and/or wantonly manufactured, packaged, prepared, sold or distributed, and served cheeseburgers in a defective or unreasonably dangerous condition.

3

7.      Defendants have a duty to produce a product that is safe and not injurious to its customers.

8.      Defendants have a duty not to place defective products into the stream of commerce.

9.      Defendants placed into the stream of commerce defective and unreasonably dangerous cheeseburgers, which Plaintiff consumed.

10.     The Defendants negligently and/or wantonly failed to exercise reasonable care in making, storing, and/or distributing the contaminated cheeseburgers.

11.     The cheeseburgers were made, stored, served, and distributed by Defendants in a defective condition, and Defendants failed to warn of these defects.

12.     As a direct and proximate result of Defendants' aforementioned negligence and/or wantonness, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

## COUNT II - (AEMLD)

13.     Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

14.     Defendants are liable under the Alabama Extended Manufacturer's Liability Doctrine with respect to the cheeseburgers for the following reasons:

A. The Defendants sold the product in a defective condition and the product was unreasonably dangerous to its intended users for human consumption;

B. The Defendants were ordinarily engaged in the business of selling such products;

C. The product was defective at the time it left possession and control of the Defendants;

D. The product was expected to and did reach its ultimate users without substantial change in the condition in which it was sold; and

E. The Plaintiff was injured and suffers damages as a direct and proximate result of the defective condition of the product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

## COUNT III - (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

15.    Plaintiff adopts and realleges all previous paragraphs of his Complaint as if set forth fully herein.

16.    Defendants were merchants with respect to food and beverage products, including the cheeseburgers purchased by Plaintiff.

17.    The contaminated cheeseburgers sold to the Plaintiff by Defendants were for human consumption.

18.    Defendants impliedly warranted that the cheeseburgers were of good and merchantable quality and fit for human consumption.

19.    The contaminated cheeseburgers were unwholesome, deleterious to health, and unfit for human consumption, and therefore breached the warranty of merchantability.

20.    As a direct and proximate result of consuming the aforementioned contaminated cheeseburgers, Plaintiff has suffered extensive damages, including but not limited to physical pain and suffering, mental anguish, emotional distress and has incurred medical expenses and suffered lost wages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, both named and fictitious, for compensatory and punitive damages, in an amount to be determined by the trier of fact including interest, costs, and attorney's fees, and any such other and further relief that this court deems proper.

6

Respectfully submitted,

*/s/ Gary W. Fillingim*
GARY W. FILLINGIM (FIL002)
Attorney for Plaintiffs


**OF COUNSEL:**

LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
2108 Government Street
Mobile, Alabama  36606
Telephone:  (251) 445-7257
Facsimile:  (251) 471-3409
gwf@fillingimlaw.com



**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

**Strategic Restaurants Acquisition Co., LLC
doing business as Burger King #4016
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104**

7

| State of Alabama | **ORIGINAL** SUMMONS | Court Case Number |
| Unified Judicial System | - CIVIL *Amended* | 02-CV-2017-901608.00 |
| Form C-34  Rev. 4/2017 | | |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## HOWARD STEPHEN MASK V. BURGER KING OF ALABAMA, INC.

**NOTICE TO:** STRATEGIC RESTAURANTS ACQUISITION CO., LLC, C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Gary W. Fillingim ESQ.                                                                                   ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2108 Government St., MOBILE, AL 36606                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
## PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MASK HOWARD STEPHEN
pursuant to the Alabama Rules of the Civil Procedure.                                       *[Name(s)]*

| 8/11/2017 3:45:22 PM | /s/ JOJO SCHWARZAUER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

Jojo Schwarzauer, Circuit Clerk

☑ Certified Mail is hereby requested.       /s/ Gary W. Fillingim ESQ.       MOBILE COUNTY-CIVIL DIVISION
                                                                             Mobile Government Plaza, Room C936
*(Plaintiff's/Attorney's Signature)*       205 Government Street
                                           Mobile, Alabama 36644-2936

## RETURN ON SERVICE

☐                                                                            .
                                                           *(Date)*

☐                                      and Complaint or other document to _____
                                                                        _____ County,

                                                            *(Name of County)*

Alat                                                       _____

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____        Postmark          *(Address of Server)*
☐ Certified Mail Restricted Delivery $ _____      Here
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$                                                                   *(Phone Number of Server)*

Total Postage and Fees
$                                             **608.00**
                                              KING OF ALABAMA, INC.

Sent To                                                                 
Street and Apt. No., or PO Box No.            3 - STRATEGIC RESTAURANTS ACQUISITION CO., LLC
City, State, ZIP+4®                                        *(Defendant)*

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

## SERVICE RETURN COPY

ORIGINAL
2nd Amended

AVSO305                 ALABAMA JUDICIAL DATA CENTER
                            MOBILE      COUNTY

                        ORDER FOR SERVICE AND RETURN
                                          CV 2017 901608.00
                                          MICHAEL A YOUNGPETER

------------------------------------------------------------------

            IN THE CIRCUIT COURT OF MOBILE        COUNTY

HOWARD STEPHEN MASK V. BURGER KING OF ALABAMA, INC.

SERVE ON:  D001

            BURGER KING OF ALABAMA, INC.
            C/O BALL BALL
            445 DEXTER AVE #9045
            MONTGOMERY    ,AL  36104-0000

NOTES:
    YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

------------------------------------------------------------------

 TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
          YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
          TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
    08/14/2017  DATE        CLERK: JOJO SCHWARZAUER        BY:RUP
                                   205 GOVERNMENT STREET
                                   MOBILE  AL  36644-2936
                                   (251)574-8420

------------------------------------------------------------------

  I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
     DOCUMENT IN _____ COUNTY, ALABAMA
     TO:

     _____      SIGNATURE OF SERVER

     _____

     NAME / ADDRESS ABOVE             DATE

OPERATOR: RUP
PREPARED: 08/14/2017

ELECTRONICALLY FILED
8/1/2017 3:44 PM
02-CV-2017-901608.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| HOWARD STEPHEN MASK, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| vs. | * |
| | * |
| | * |
| | *    **CASE NO: <u>CV-2017-901608</u>** |
| STRATEGIC RESTAURANTS ACQUISITION CO., LLC, and Fictitious Defendants 1-20, being the persons, firms, corporations or other legal entities who negligently and/or wantonly packaged, prepared, and/or served contaminated food to Plaintiff, all of whose names are unknown to Plaintiff at this time but will be substituted by amendment when ascertained, | * |
| **Defendants.** | * |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANTS

COMES NOW the Plaintiff, by and through undersigned counsel, and pursuant to the *Alabama Rules of Civil Procedure*, propound the following interrogatories and requests for production of documents upon the Defendants.

#### I. <u>GENERAL INSTRUCTIONS</u>

    1.    Each document produced in response to these interrogatories and request should be referenced with the number(s) of the relevant request and subsection, if any. Should any of the documents pursuant to this request for document production have already been made available for Plaintiffs' inspection, it will be sufficient to note this fact and to provide the following information:

        a.    Document production number, if any;

        b.    Date, author, addressee (if any), persons receiving distribution of such documents or copies thereof;

        c.    A description of the nature of the documents; and

        d.    The particular request and item number in response to which the document has previously been produced.

    Interrogatories and requests for documents are continuing in nature and require supplemental answers should Defendant generate or obtain further pertinent information or documents between the time answers are filed and documents produced at the time of trial.

    The documents requested seek all documents available to you or in your possession, custody or control from any source wherever situated, including but not limited to information from any files, records, documents, employees, former employees, counsel, and former counsel off any party to this litigation, plaintiff or defendant, and including, but not limited to documents in the possession, custody or control of defendant and documents in the possession, custody or control of any predecessor or successor of defendant.

#### II. <u>DEFINITIONS</u>

1. "Documents" or "records" mean all original written, recorded or graphic matters whatsoever and non-identical copies thereof, including but not limited to, pleadings, motions, responses to discovery, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex, message, memorandum, notes, notations, work papers, transcripts, minutes, reports and recordings for telephone or other conversations, or interviews of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, agendas, jottings, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, list of tabulations, sound records, computer print-outs, data processing programs, libraries, data processing input and output, microfilm, books of account, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things to the foregoing however denominated by the parties and all documents as defined by the Alabama Rules of Civil Procedure. In cases where originals are not identical documents and are not available, document also means identical copies of the original documents and non-identical copies thereof. In all cases where documents are in language other than English, documents include all translations and materials related to particular translations.

2. "You" or "defendant" refers to the above-named Defendant to whom these interrogatories and document requests were directed and includes all of its attorneys, agents, directors, employees and representatives.

3. "Person" means any individual, partnership, association, corporation, joint venture or other legal or business entity.

4. "Communications" means writings, telephone conversations, oral conversations other than telephone conversations and meetings.

5. "Oral communication" means communication that includes any meeting, conference, telephone conversation, telephone conference or in person conversation.

6. "Regarding," "relating to" or "relate" means consisting of, referring to, reflecting, or being in any way legally, logically or factually connected with the request. "Relating to" or "regarding" a subject or item should be understood to include possible or contemplated actions as to such subject or item.

7. "Financial transaction" means any business, commercial, or related transactions, dealings, exchanges or interactions, including, but not limited to, loan applications, loans, lines of credit, guaranties of the indebtedness of another.

8. "Address" shall mean the street number, street, city and state of subject person, business or other entity.

9. "Identity" or "identification", when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

### III. DOCUMENTS NO LONGER IN DEFENDANT'S POSSESSION, CUSTODY OR CONTROL

If any document otherwise responsive to any request was, but is no longer in Defendant's possession or subject to Defendant's control, or in existence, state whether:

(a) it is missing or lost;
(b) has been destroyed;
(c) has been transferred voluntarily to others; or
(d) has been otherwise disposed of.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing its destruction or transfer, and the date(s) of such direction or authorization. Identify each document by listing its author and addressee (e.g., letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, whether document (or copies) are still in existence, and if so, their present location(s) and custodian(s).

### IV. PRIVILEGE

All documents as to which any privilege is claimed shall be produced, marked, identified, held separately and retained intact, subject to ruling by the court as to the claimed privilege. For any document

which you claim to be privileged state:  (1) the reason for withholding it; (2) the author of the documents; (3) each individual or other person to whom the document has been sent; (4) the date of the document; and (5) the general subject matter of the document.

## INTERROGATORIES

1.      Do you intend to call an expert witness at the trial of this case? If so, for each state:
   a. The name and address of each such expert witness.
   b. The complete educational, vocational, business or employment background of each such expert witness.
   c. The subject matter on which each such expert witness is expected to testify.
   d. The substance of the facts and opinions to which such expert witness is expected to testify.
   e. The summary of the grounds for each opinion.
   f. List the names of cases, including numerical designations thereof, the place or court in which each case was filed, the attorneys, including addresses therefor, for whom said expert witness has served in the capacity as an expert.
   g. Produce all texts, periodicals, treatises, letters, documents, journals, notes, memos, brochures, flyers or any other documents or records which such expert relies upon in any way, directly or indirectly, or uses in any way, directly or indirectly, in forming the basis for any opinions he/she will give.
   **Response:**

2.      Identify every individual who was working at Burger King Store #4016 on the date of the subject incident.
   **Response:**

3.      State specifically and describe in detail any investigation of Plaintiff's injuries and/or incident, and with regard to the same produce a copy of all statements and photographs taken in connection therewith. In addition, produce all incident reports or other documents and records relating to the investigation of the accident and Plaintiff's injuries.
   **Response:**

4.      Identify each and every individual who has or may have knowledge or information about any facts, events or circumstances relating in any way to the incident, the allegations in the Complaint, Plaintiff's injuries and any defense asserted by you. As to each individual, identify his or her full name, current or last known residence address, current or last known place of employment and

job title or position at said place of employment, current and last known telephone number and the knowledge or information which said individuals have or which you or your attorneys believe they may have.
     **Response:**

     5.    Identify each person who may have, or claims to have, seen or heard any of the parties or their agents, servants or employees or anyone acting on their behalf make any statements pertaining to the accident referred to in the Complaint. Include in your answer anyone who claims to have seen or heard or had any communication or contact with Plaintiff or any member of his family.
     **Response:**

     6.    Identify all current or former employees, managers, officers or directors of your organization most knowledgeable about the procedure, guidelines, instructions, rules, protocol, policies, practices and/or manner relevant to the manufacturing, storage, packaging, preparation, and serving of food to consumers.
     **Response:**

     7.    Set forth the procedures, guidelines, instructions, rules, protocol, policies, practices and "do's and don't's" relevant to prevention of contamination. Produce all documents and records relating to same.
     **Response:**

     8.    Identify who was responsible for cleaning, maintaining and/or inspecting the kitchen to identify and/or prevent contamination on the date of Plaintiff's accident.
     **Response:**

     9.    State specifically and describe in detail all signs or warnings of any kind which were in place and being used to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.
     **Response:**

     10.    If your answer to the preceding interrogatory is that no warnings of any kind were in place, set forth in detail all signs or warnings which should have been in place to warn customers that the food, including but not limited to, cheeseburgers could be or were contaminated on the date of Plaintiff's accident.
     **Response:**

     11.    Identify each and every individual or entity who you contend caused or contributed in any way to the accident which is made the basis of this lawsuit,

and as to each such individual or entity, state in detail each and every fact upon which you base your contention. Produce all documents and records relating to your answer.
**Response:**

12.    If you contend that any act or omission of any individual or entity other than you in any way caused or contributed to Plaintiff's accident, identify the name and address of each such individual or entity, and identify in detail each act or omission on the part of each such other individual or entity which you contend caused or contributed, or may have caused or may have contributed, to the accident made the basis of this lawsuit. Produce all documents and records relating to your answer.
**Response:**

13.    If you contend that Plaintiff was in any manner contributorily negligent, or in any manner caused or contributed in any way to the accident or her injuries, state in detail each and every fact which supports said contention and produce all documents and records on which you rely in support of said contention.
**Response:**

14.    State whether any other customers have been sickened as a result of consuming food from restaurant #4016 within the last three (3) years. Produce all documents and records relating to your answer.
**Response:**

15.    Are you covered by any policy or policies of liability insurance or any type of insurance or similar agreement, including any excess or umbrella policy or policies, which provide or furnish coverage for the allegations made in this lawsuit? Produce a copy of the entirety of the policy or policies of insurance, including the dollar amount of coverage.
**Response:**

16.    Are you correctly named in the Complaint? If not, state your full, correct legal name.
**Response:**

17.    State the name, address and job title of all persons answering or assisting in answering this discovery request and any subparts thereof.
**Response:**

18.    Describe in detail your document and record retention policy.
**Response:**

5

## REQUESTS FOR PRODUCTION

1.     Produce all documents and records that reflect, refer or relate to the accident referred to in the Complaint.
**Response:**

2.     Produce all documents, records and files, including hard copies of all computer stored information, which reflect, refer or relate to Plaintiff, the accident, any investigation of the incident, any of the allegations in the Complaint and Plaintiff's injuries.
**Response:**

3.     Produce all documents and records which reflect, refer or relate to communications or correspondence by and between you and any of your present or former employees, on the one hand, and any other third party, person or entity, on the other hand, which reflect, refer or relate to any of the following:
   a.     Any of the matters alleged in the Complaint;
   b.     Any discussions or communications with Plaintiff or his family members or anyone you contend was acting on behalf of Plaintiff;
   c.     The accident;
   d.     Plaintiff's injuries;
   e.     The condition of the floor at the time and place of Plaintiff's accident; and
   f.     Any safety rules, recommendations, policies, procedures and/or guidelines relevant to food safety at your restaurant.
**Response:**

4.     Produce all documents and records which any expert identified (in response to interrogatories) relied upon for any opinion, report, or testimony to be given, including but not limited to all expert reports.
**Response:**

5.     Produce all documents which reflect, refer or relate to the guidelines, rules, instructions, policies, procedures, regulations, protocols, "do's and don't's" or the like relating to food safety at your restaurant.
**Response:**

6.     Produce all photographs and videos, including any and all videos, which reflect, refer and/or relate to the Plaintiff, including the preparation of Plaintiff's food, beginning four hours prior to the incident and concluding one hour after the incident.
**Response:**

7. Produce all complaint logs, incident reports, internal employee input or suggestion memos regarding and/or relating in any way to food safety, including but not limited to contamination and cross-contamination.
**Response:**

8. Produce copies of any and all inspection reports from government agencies from the last three (3) years.
**Response:**

9. Produce documentation from any inspections by third-parties, consultants, or commercial customers during the last three (3) years.
**Response:**

10. Produce all employee handbooks, training materials, including videos, rules, regulations, instructions, guidelines or the like used to train employees regarding food safety.
**Response:**

11. Produce all documents upon which you studied, examined, searched, relied on, or referred to in formulating your responses to the interrogatories propounded in this case.
**Response:**

12. Produce all documents and records upon which you or your attorneys intend to rely upon in any way, directly or indirectly, in support of any of your defenses, affirmative or otherwise, to any of Plaintiff's claims.
**Response:**

13. Produce complete copies of all insurance policies or similar contracts or agreements which do or may provide any coverage for any of the allegations in the Complaint.
**Response:**

14. Produce any and all written or recorded statements of any kind taken by you or any of your representatives or insurance carrier, or anyone else, relating to Plaintiff, any allegations in the Complaint, or the matters which are the subject of this action.
**Response:**

15. Produce all documents, records and/or videos or pictures concerning or which refer to or reflect any surveillance or observation of Plaintiff.
**Response:**

16.    Produce all documents regarding any previous food poisoning litigation within the last ten (10) years.
**Response:**

17.    Produce a copy of any and all documents received pursuant to the issuance of non-party subpoenas in this matter.


Respectfully submitted,


*/s/ Gary W. Fillingim*
GARY W. FILLINGIM (FIL002)
Attorney for Plaintiffs

**OF COUNSEL:**

LAW OFFICE OF GARY W. FILLINGIM, L.L.C.
2108 Government Street
Mobile, Alabama 36606
Telephone:  (251) 445-7257
Facsimile:  (251) 471-3409
gwf@fillingimlaw.com




**PLEASE SERVE WITH THE SECOND AMENDED COMPLAINT**

8

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GPS HOSPITALITY PARTNERS, IV, LLC C/O NATIONAL REGISTERED AGENTS, INC.
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104

9590 9402 2816 7069 8007 82

2. Article Number (Transfer from service label)

7017 1070 0000 9358 9203

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Xavia McHann_
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
6-1-17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

STATE OF ALA. MOBILE CO.
HEREBY CERT...
...EADING WAS...

7 AUG 10   AM 11: 1

CLERK                    ...URT

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza Room C908
205 Government Street
Mobile, Alabama 36644-2936

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STRATEGIC RESTAURANTS ACQUISITION CO., LLC
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY AL 36104

CV-17-901608 Oskeen

9590 9402 2816 7069 7969 79

2. Article Number (Transfer from service label)

7017 1070 0000 9358 7575

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Sender: Please print your name, address, and ZIP+4® in this box⁴

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C908
205 Government Street
Mobile, Alabama 36644-2936

USPS TRACKING#

9590 9402 2816 7015 7969 79

CLERK CIRCUIT

2017 AUG 21

United States
Postal Service